# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **ANGELA JOHNSON**, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:04CV00128 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **H.S. CAUDILL,** | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendant. | ) |

*Hilary K. Johnson, Abingdon, Virginia, for Plaintiff; Elizabeth K. Dillon, Guynn, Memmer & Dillon, P.C., Roanoke, Virginia, for Defendant.*

In this action under 42 U.S.C.A. § 1983 (West 2003), the plaintiff contends that she was discriminated against by her former employer, the Sheriff of Tazewell County, Virginia, in violation of her rights under the Equal Protection Clause of the Constitution. Sheriff Caudill has moved for summary judgment in his favor, contending that the plaintiff is unable to prove a case of unlawful discrimination. The parties have briefed and argued the motion, and it is ripe for decision.

The plaintiff was hired by Sheriff Caudill in October of 2001 as an undercover narcotics officer and fired by him on February 2, 2004, from her then-current position as a narcotics detective. She contends that she was terminated on account of her sex and that she had been subjected to unlawful discriminatory treatment during her

employment. The parties have submitted deposition extracts and declarations as the summary judgment record.

Summary judgment for a defendant is appropriate when there is "no genuine issue of material fact," given the burden of proof at trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *see* Fed. R. Civ. P. 56(c). In determining whether the defendant has shown that there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the plaintiff. *See Ross v. Commc'n Satellite Corp.,* 759 F.2d 355, 364 (4th Cir. 1985), *overruled on other grounds*, by *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989).

The parties are agreed that it is appropriate to analyze the motion using the burden-shifting framework adopted by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under the *McDonnell Douglas* standard, the plaintiff bears the burden of establishing a prima facie case. *See Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 252-53 (1981). Where a plaintiff makes a showing sufficient to support a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the employment action. *McDonnell Douglas*, 411 U.S. at 802. If the employer produces a legitimate reason for the action, the burden shifts back to the plaintiff to show the employer's rationale

is just a pretext for discrimination. *Id.* at 804. The plaintiff has the ultimate burden of demonstrating that the employer's action was discriminatory. *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 514-15 (1993). Because this is an action under § 1983, respondeat superior does not apply and the plaintiff must prove that Sheriff Caudill himself was guilty of unlawful discrimination. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

The defendant argues that the plaintiff cannot make out a prima facie case because she cannot show that she was performing her job duties at a level that met the legitimate expectations of her employer. Moreover, he argues that even were a prima facie case shown, the plaintiff cannot show that the termination was pretextual. He points out that because the plaintiff was hired and fired by the same person, there may be an inference that her sex was not the reason for the termination. *See Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 959 (4th Cir. 1996).

After a careful review of the present record, I find that there is sufficient evidence to allow resolution by a jury. If believed, the plaintiff's evidence could show that she was adequately performing her job and that the reason now given by the defendant for the plaintiff's termination was pretextual.

The defendant also argues that he is entitled to qualified immunity from suit under the facts of this case. To determine whether a defendant is entitled to qualified

immunity, I must first decide if the plaintiff has alleged a deprivation of a constitutional right and if so, whether at the time of the deprivation, the right was clearly established and "'whether a reasonable person in the official's position would have known that his conduct would violate that right.'" *Taylor v. Waters*, 81 F.3d 429, 433 (4th Cir. 1996) (quoting *Gordon v. Kidd*, 971 F.2d 1087, 1093 (4th Cir. 1992)). I find that there are sufficient factual disputes here to prevent a determination by the court that the defendant had an objectively reasonable belief that his actions were lawful.

For these reasons, it is **ORDERED** that the Motion for Summary Judgment is DENIED.

> ENTER: February 10, 2006
>
> /s/ JAMES P. JONES
> Chief United States District Judge